### JAMES JENKINS *vs.* QUINCY MUTUAL FIRE INSURANCE COMPANY.

Representations, in answer to questions, in an application to a mutual insurance company for insurance on buildings, that the premises are owned by the applicant, and are unincumbered, when in fact he is only a mortgagee, avoid the policy, under a by-law of the company, (to which the policy and application are made subject) providing that unless the applicant shall make a true representation of his title and interest in the property, and also of all incumbrances, and the amount and nature thereof, the policy shall be void; and parol evidence that the true state of the title was disclosed to the company before they agreed to insure, and that the answers were then written in by their agents, before the application was signed by the assured, is inadmissible.

ACTION OF CONTRACT on a policy of insurance, made to the plaintiff by a mutual fire insurance company, subject to the provisions of the by-laws of the company, (which were annexed to the policy,) for $3,000 on three houses and a barn in Maine, described in the plaintiff's application, " which application is lodged with the secretary of this company, and shall form part of the contract to be taken in connection with this policy."

Among the by-laws annexed to the policy were the following: " ART. 16. Unless the applicant for insurance shall make a true representation of the property on which he requests insurance, and of his title and interest therein, and also all incumbrances, and the amount and nature thereof, the policy shall be void. And in case the application is made through an agent, the ap‑ plicant shall be held liable for the representation of such agent."

"ART. 19. Any mortgagee may insure his interest in any property insurable in this office, in his own name, provided he shall obtain from the mortgagor a certificate that the property is not insured in any other office."

The application contained, among others, the following questions and answers: " Who owns the buildings ? " Answer, " Owned by insured." " Whether incumbered, by what, and to what amount ? " Answer. " No." The application concluded thus : "And I hereby covenant and agree to and with said company, that the foregoing is a correct description of the buildings and property requested to be insured, so far as regards the risk on the same ; and in case of insurance, I hold myself bound by the act of incorporation and the by-laws annexed to my policy."

At the trial in this court, the plaintiff offered evidence of the loss, and that his interest in the property, at the date of the policy, and at the time of the loss, was under and by virtue of a mortgage made to him to secure the payment of a note of $9,000 made by the mortgagor to him.

The plaintiff offered to prove that, before he signed the application, he stated truly all the circumstances, touching as well the title, as the situation and character of the property, to the defendant's secretary, and, at his suggestion explained the whole matter to one of their directors ; that at the next meeting of the directors, after considering all the facts, including the fact that the plaintiff's interest was that of a mortgagee, it was voted to take the risk ; and the answers were subsequently written in the application by the secretary, in the presence of said director, and, as that director supposed, in the language in which he responded to the several questions ; after which that director took the application to the plaintiff, who signed it.

But *Thomas*, J. ruled that this evidence was inadmissible ; and that the answer of the plaintiff, that he was the owner of the property, was a material misrepresentation and concealment ; and directed a verdict for the defendants, subject to the opinion of the full court.

*J. W. May,* for the plaintiff. 1. The plaintiff's answer that

the property was "owned" by him, was not a material representation or concealment, but was technically true. A mortgagee is the owner. *Clapp* v. *Union Mutual Fire Ins. Co.* 7 Foster, 143. *Lowell* v. *Middlesex Mutual Fire Ins. Co.* 8 Cush. 127. *Strong* v. *Manufacturers' Ins. Co.* 10 Pick. 40. *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 535. *Allen* v. *Charlestown Mutual Fire Ins. Co.* 5 Gray, 384. *Niblo* v. *North American Ins. Co* 1 Sandf. 551.

2. The word "owned" being equivocal, and properly applicable to different estates, it is for the defendants to show that the plaintiff used it in a sense which was not its true meaning. Or, at least, the plaintiff may show, by the course of the negotiation before reducing the contract to writing, that he did not so use the word; that the defendants had notice of the true mode of ownership, and of the sense in which the plaintiff used this word, and adopted it to express the plaintiff's title as known to them, and thus agreed to treat the plaintiff as the owner. 1 Greenl. Ev. §§ 277, 282, 288, 290. *Peck* v. *New London County Mutual Ins. Co.* 22 Conn. 575. *Sheldon* v. *Hartford Fire Ins. Co.* 22 Conn. 235. *Wall* v. *Howard Ins. Co.* 14 Barb. 383. *Perry County Ins. Co.* v. *Stewart,* 19 Penn. State R. 45. *Howard Fire Ins. Co.* v. *Bruner,* 23 Penn. State R. 50. *Hartford Protection Ins. Co.* v. *Harmer,* 2 Ohio State R. 452. *Leathers* v. *Farmers' Mutual Fire Ins. Co.* 4 Foster, 259. *Wood* v. *Dwarris,* 11 Exch. 493.

*J. J. Clarke & G. White,* for the defendants.

DEWEY, J. The question here raised is, whether, upon this particular policy, and the statements accompanying the application therefor, in the form of answers to interrogatories to the plaintiff, upon the case disclosed by the evidence the plaintiff can maintain this action.

The only title which the plaintiff had at the time of the making of the policy, and at the time of the loss by fire, was that of a mortgagee of the premises insured, and a mortgagee who had not entered for foreclosure, but holding the property as a security for the payment of a certain sum of money.

No doubt exists that a mortgagee has an insurable interest

upon which he may properly take a policy of insurance. How far he is particularly to disclose that interest, may depend upon the character of the insurance company with which he deals, their charter and by-laws, and the stipulations in his policy. A rigid and searching course of interrogatories may require full and careful answers; and, in reference to mutual insurance companies, it has been deemed proper by those entrusted with their management, to guard their interest by minuteness and particularity of inquiry of those applying for insurance.

In the case before us, such interrogatories were put in the questions, "Who owns the buildings?" "Whether incumbered, by what, and to what amount?" To the first of these inquiries, the plaintiff answered, "Owned by insured;" and to the second question, "No."

Were these answers true? Taken together, they clearly represent that the assured had the title in himself, and that no other person was owner, either as mortgagor or mortgagee.

It has been sometimes said that the mortgagee has the legal estate in the premises mortgaged to him. This, confined strictly to the legal relations existing between him and the mortgagor, may be so; but, as affecting the rights of the mortgagor with third persons, the estate remains in the mortgagor until the mortgagee asserts his right by entry under his deed. *Eaton* v. *Whiting*, 3 Pick. 488.

The by-laws of this insurance company so treat the interest of a mortgagee, and therefore, in art. 19, specially provide for the cases of insurance in favor of mortgagees, and state the prerequisites necessary to obtain such an insurance. The plaintiff did not in his application state his interest to be that of a mortgagee, nor comply with the provisions in reference to such a policy. He was, under his application, recognized as the owner of the entire interest, when in fact he had only a defeasible interest which might never ripen into an absolute one. He could not charge the property with a lien, nor would it be the subject of attachment by his creditors.

There was therefore clearly a misrepresentation as to the title and interest of the assured in the premises; and by art. 16 of the

by-laws of the company, the policy in such case is void. *Davenport* v. *New England Mutual Fire Ins. Co.* 6 Cush. 341 *Clark* v. *New England Mutual Fire Ins. Co.* 6 Cush. 347 *Bowditch Mutual Fire Ins. Co.* v. *Winslow*, 3 Gray, 431.

The only remaining question is whether the oral evidence offered by the plaintiff was admissible to obviate this objection by proving that the officers of the company in fact knew the true state of the property, and that the plaintiff orally applied for an insurance on his interest as mortgagee. The competency of such evidence was fully considered in the case of *Barrett* v. *Union Mutual Fire Ins. Co.* 7 Cush. 175. It was there declared to be inadmissible because it tended to contradict or materially vary the terms of a written instrument. The same rule of exclusion must be applied here, for the same reasons.

*Judgment on the verdict.*